| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>Court Address:  1437 Bannock Street<br>              Denver, CO 80202 | DATE FILED: February 15, 2018 8:12 AM<br>FILING ID: 567145BDD61B6<br>CASE NUMBER: 2018CV30572 |
| Plaintiff:     Abel Calandreli-Leyva<br><br>v.<br><br>Defendant:  Allstate Fire and Casualty Insurance Company | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff:<br>Peter J. McCaffrey, #46740<br>Patrick Delaney #46604<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, Colorado 80014<br>Phone Number:  303-757-3300<br>Fax Number:     303-757-3206<br>E-Mail:            mccaffreyp@fdazar.com | Case Number:<br><br>Division/Ctrm: |
| **COMPLAINT FOR DAMAGES AND JURY DEMAND** | |

COMES NOW Plaintiff, Abel Calandreli-Leyva, by and through his attorneys, Franklin D. Azar and Associates, P.C., and for his Complaint against the Defendant, states and alleges as follows:

### GENERAL ALLEGATIONS

1. Mr.Abel Calandreli-Leyva is an individual and resident of the State of Colorado.

2. Defendant Allstate Fire and Casualty Insurance Company (hereinafter "Defendant Allstate ") is a corporation doing business in the State of Colorado with its Registered Agent as Division of Insurance, 1560 Broadway, Denver, Colorado 80202.

EXHIBIT B

3. Venue is proper herein pursuant to C.R.C.P. 98(c) because Defendant conducted business in the County of Denver at the time the contract was entered into and because Defendant could be found in the County of Denver at the commencement of the action.

4. This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

5. On or about April 26, 2016, Mr.Calandreli-Leyva was involved in a motor vehicle collision with an underinsured motorist at or near the intersection of E. Iliff Avenue and S. Dayton Street in Denver, Colorado.

6. The underinsured driver rear-ended Mr.Calandreli-Leyva's vehicle.

7. The underinsured driver was the cause of the collision.

8. The underinsured driver's conduct on April 26, 2016 was negligent.

9. Mr.Calandreli-Leyva was injured in the April 26, 2016 collision.

10. Mr.Calandreli-Leyva was not at fault in the April 26, 2016 collision.

11. At the time of the collision, Mr.Calandreli-Leyva maintained an automobile insurance policy with Defendant Allstate, policy number 020393009.

12. On August 12, 2016, Defendant Allstate gave written permission to Mr.Calandreli-Leyva to settle with the tortfeasor and their insurance company for the policy limits of $25,000.

13. On or about January 18, 2017 Mr. Calandreli-Leyva's attorney sent Defendant Allstate a letter.

14. On or about January 18, 2017, Mr. Calandreli-Leyva's attorney submitted medical bills to Defendant Allstate in the amount of $17, 424.09.

15. On or about January 18, 2017, Mr. Calandreli-Leyva's attorney submitted an estimate for the cost of bilateral facet injections recommended by his treating physician.

16. On or about January 18, 2017, the cost estimate for the bilateral facet injections was $16,637.57.

17. On or about January 18, 2017 Mr. Calandreli-Leyva's attorney asked Defendant Allstate to pay benefits owed to him under his underinsured motorist coverage.

18. On or about February 17, 2017, Defendant Allstate made an offer of settlement to Mr. Calandreli-Leyva.

19. On or about February 17, 2017, Defendant Allstate issued an Underinsured Motorist offer of settlement in the amount of $5,561.00

20. On or about February 17, 2017, Defendant's offer included re-priced medical bills.

21. On or about February 17, 2017, Defendant Allstate did not disclose which bills had been reduced.

22. On or about February 17, 2017, Defendant Allstate did not disclose the reason the bills had been reduced.

23. On or about February 17, 2017, Defendant's offer included re-priced future medical expenses.

24. On or about February 17, 2017, Defendant Allstate did not disclose the reason the future medical expenses had been reduced.

25. On or about February 17, 2017, Defendant Allstate did not disclose the location where Mr. Calandreli-Leyva could access care on a reduced fee basis.

26. The insurance contract between Mr. Calandreli-Leyva and Defendant Allstate must be construed against the drafter.

27. The insurance contract between Mr. Calandreli-Leyva and Defendant Allstate does not give the Defendant the right to re-price medical bills.

28. Between February 17, 2017 and October 11, 2017, Defendant Allstate did not pay the undisputed amount of benefits owed under the policy.

29. On or about February 17, 2017, Defendant Allstate unreasonably delayed paying benefits owed to Mr. Calandreli-Leyva.

30. Between approximately February 17 and June 15, 2017, Defendant Allstate gave three different amounts it considered "reasonable" for bilateral facet injections.

31. On or about October 11, 2017, Mr. Calandreli-Leyva's attorney sent additional bills for medical treatment to Defendant Allstate.

32. The amount of the additional medical bills sent on or about October 11, 2107 was approximately $15,830.90.

33. On or about October 11, 2017, Mr. Calandreli-Leyva's attorney asked Defendant Allstate to pay benefits owed under his underinsured motorist policy.

34. Between October 11, 2017 and the present, Defendant Allstate has not paid Mr. Calandreli-Leyva any benefits under his underinsured motorist policy.

35. On or about December 8, 2017, Defendant Allstate advised Mr. Calandreli-Leyva's attorney that a new adjuster had been assigned to the claim.

36. On or about December 8, 2017, Defendant Allstate offered to resolve Mr. Calandreli-Leyva's claim for $5063.00.

37. The offer of $5063.00 made on or about December 8, 2017, was less than the offer Defendant Allstate made on or about February 17, 2017.

38. Defendant Allstate decreased its offer of benefits after receiving additional medical expenses Mr.Calandreli-Leyva had incurred for treatment.

39. No third party caused, or contributed to the cause of the accident or Mr.Calandreli-Leyva's injuries, damages or losses.

40. At the time of the collision, Mr.Calandreli-Leyva maintained underinsured motorist coverage on his policy with Defendant for $25,000/$50,000.

41. Mr.Calandreli-Leyva put Defendant Allstate on notice of an underinsured motorist claim.

42. Mr.Calandreli-Leyva fully cooperated with Defendant Allstate in its investigation.

43. Mr.Calandreli-Leyva fulfilled his obligations under his contract with Defendant Allstate.

44. On August 10, 2016, counsel for Mr.Calandreli-Leyva sent Defendant Allstate all the medical records and bills incurred as of that date.

45. Mr.Calandreli-Leyva is allowed to recover reasonable and necessary medical expenses under his underinsured motorist coverage.

46. Defendant Allstate reduced Mr.Calandreli-Leyva's bills without a reasonable basis and contrary to Colorado law.

47. Defendant Allstate had a duty to conduct a prompt and complete evaluation of the underinsured claim.

48. Defendant Allstate has an obligation to pay Mr.Calandreli-Leyva benefits owed under an underinsured motorist policy as they accrue.

49. Defendant Allstate has not advanced any funds to Mr.Calandreli-Leyva.

50. Defendant Allstate has delayed payment of benefits owed to Mr.Calandreli-Leyva under his underinsured motorist policy.

51. Defendant Allstate has not provided a reasonable basis for the delay of Mr.Calandreli-Leyva's benefits under the underinsured motorist policy.

52. Defendant Allstate has not complied with the Unfair Claims Practices Act.

## **FIRST CLAIM FOR RELIEF**
### **(BREACH OF CONTRACT AGAINST DEFENDANT ALLSTATE)**

53. Mr.Calandreli-Leyva incorporates all prior allegations as though fully set forth herein.

54. Sometime prior to the accident, Mr.Calandreli-Leyva entered into a contract with Defendant Allstate for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving underinsured motorists. At all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to Defendant Allstate.

55. Mr.Calandreli-Leyva has advised Defendant Allstate of a claim for underinsured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant Allstate in connection with the claim.

56. Mr.Calandreli-Leyva is a named insured of Defendant Allstate insurance policy/contract and is entitled to enforce its terms.

57. Mr.Calandreli-Leyva is entitled to be compensated by Defendant Allstate for damages he has incurred, which may include economic and noneconomic losses,

including past and future medical bills, pain, suffering, inconvenience, loss of enjoyment of life, loss of earnings and earning capacity, permanency and/or physical impairment, and disability, under the underinsured motorist coverage of the policy.

## SECOND CLAIM FOR RELIEF
### (FIRST PARTY STATUTORY CLAIM UNDER C.R.S. § 10-3-1116 AGAINST DEFENDANT ALLSTATE)

58. Mr.Calandreli-Leyva incorporates all prior allegations as though fully set forth herein.

59. Defendant has denied and delayed payment of underinsured motorist benefits to Plaintiff without a reasonable basis for its action.

60. Defendant's unreasonable position and conduct has caused Plaintiff damage by the loss of the compensation that is due to him and which Defendant should have previously paid to him.

61. In accordance with C.R.S. §10-3-1116, Mr.Calandreli-Leyva is entitled to recover from Defendant two times the covered underinsured motorist benefits plus reasonable attorney's fees and court costs.

## THIRD CLAIM FOR RELIEF
### (BAD FAITH AGAINST DEFENDANT ALLSTATE)

62. Mr.Calandreli-Leyva incorporates all prior allegations as though fully set forth herein.

63. Defendant Allstate owed Mr.Calandreli-Leyva a duty to act in good faith in reviewing, adjusting and settling his claims.

64. Defendant Allstate breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

    (a) Compelling Mr.Calandreli-Leyva to institute litigation to recover amounts due to him under the underinsured motorist bodily injury liability benefits afforded Mr.Calandreli-Leyva under the insurance policy;

    (b) Favoring the interests of Defendant Allstate, an insurer, over those of Mr.Calandreli-Leyva, an insured, to whom Defendant Allstate owes fiduciary and statutory duties;

    (c) Failing or delaying payment of reasonable compensation for the injuries,

        damages, and losses Mr.Calandreli-Leyva suffered at the hands of an underinsured motorist;
- (d) Incompetently evaluating Mr.Calandreli-Leyva's claim.
- (e) Reducing Mr.Calandreli-Leyva's medical bills without a reasonable basis and contrary to Colorado law.

65. Defendant Allstate's actions are unreasonable.

66. Defendant Allstate knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

67. As a direct result of Defendant Allstate's breaches of its duties to its insured, Mr.Calandreli-Leyva has been damaged including, but not necessarily limited to:

   a. Being forced to incur additional costs in litigation;
   b. Enduring the emotional trauma of being unnecessarily involved in a lawsuit with Defendant Allstate; and
   c. Being deprived of the use of funds owed to him which should have been paid by now.

WHEREFORE, Mr.Calandreli-Leyva prays for judgment against Defendant Allstate for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

Respectfully submitted this 13th day of February, 2018.

                                              FRANKLIN D. AZAR & ASSOCIATES, P.C.
                                              By: */s/ Peter J. McCaffrey*
                                              Peter J. McCaffrey, # 46740
                                              Counsel for Plaintiff

<u>Plaintiff's Address:</u>
4987 Perth Court
Denver, CO 80249